UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.: 2:24-cv-00686 |
| VICTORIA WILLIAMS WOOLEY, BROOKSIDE FUNERAL HOME CREMATORIUM & MEMORIAL GARDENS, and CHRISTINA DOUGLAS, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## INTERPLEADER COMPLAINT

Reliance Standard Life Insurance Company files this Interpleader Complaint and avers as follows:

### JURISDICTION

1. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e), as the plan under which Defendants' claims for life insurance benefits arose is an employee welfare benefit plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 – 1461.

### VENUE

2. Venue is appropriate in this district pursuant to 28 U.S.C. §1391 because one or more of the defendants resides in this district and because a substantial part of the events giving rise to this claim occurred within this district.

### PARTIES

3. Plaintiff Reliance Standard Life Insurance Company ("Reliance Standard") is an insurance company existing under the laws of the state of Illinois, and its principal place of business is located at 1700 Market Street, Suite 1200, Philadelphia (Philadelphia County), Pennsylvania.

4. Defendant Victoria Williams Wooley is an individual who, upon information and belief resides and is domiciled in Millbrook, Alabama (Elmore County).

5. Defendant Brookside Funeral Home Crematorium and Memorial Gardens is an entity that exists under the laws of the state of Alabama and its principal place of business is located at 3360 Brookside Drive, PO Box 646, Millbrook, Alabama (Elmore County)

6. Defendant Christina Douglas is an individual who, upon information and belief resides and is domiciled in Prattville, Alabama (Autauga County).

## FACTUAL ALLEGATIONS

7. Reliance Standard delivered group life insurance policy number GL156403 (the "Basic Life Policy") to Jackson Hospital and Clinic, Inc. ("Jackson"). A true and correct copy of the Basic Life Policy is attached as Exhibit A.

8. As a benefit of his employment, Deandre Wooley ("Decedent") was eligible for coverage under the Policy, and he elected Fifty-Five Thousand and 00/100 ($55,00.00) in Basic Life Coverage, as well as Two Hundred Thousand and 00/100 ($200,000.00) in Supplemental Life Coverage under the Policy. A true and correct copy Decedent's coverage election is attached as Exhibit B.

9. Decedent died on March 28, 2024. A true and correct copy of Decedent's Certificate of Death is attached as Exhibit C.

10. According to an April 1, 2024, Group Life Benefit Proof of Loss Statement submitted by Deidre Taylor, Jackson's Benefits Coordinator, Decedent did not have a beneficiary designation on file; however, within the same form, Jackson identified "Victoria L. Williams Wooley" as Decedent's beneficiary. A true and correct copy of the Group Life Benefit Proof of Loss Statement is attached as Exhibit D.

11. By email dated April 17, 2024, Deirdre Taylor responded to Reliance Standard's request for a copy of the beneficiary designation by writing, in relevant part: "Mr. Wooley did not have a beneficiary designation. I submitted a marriage certificate for his wife Victoria Wooley." A true and correct copy of Ms. Taylor's April 17, 2024 email is attached as Exhibit E.

12. On March 29, 2024, Defendant Victoria Wooley submitted a claim for benefits, identifying herself as Decedent's spouse. A true and correct copy of the Victoria Wooley claim statement is attached as Exhibit F.

13. Reliance Standard has also received an April 3, 2024 General Assignment for Life Insurance signed by Victoria Wooley, which states in part:

> The undersigned having been entitled to receive benefits for Policy No. GL 156403 [and] VAR267119 issued by Reliance Standard Insurance Company on the life of Deandre L. Wooley, having contracted with Brookside Funeral Home for funeral services and supplies for the burial of the deceased, and being indebted to said firm in the amount of $13,602.00, does hereby set over, assign and transfer unto said firm, the sum of $13,602.00 out of the proceeds of said insurance policy; and I hereby authorize and direct Reliance Standard Insurance Company to make its check payable to said firm for the assigned amount and to pay the remainder of the proceeds of said policy to me, and I do hereby release Reliance Standard Insurance Company from all claims, demands, actions and causes of action, arising out of the existence of said policy of insurance and the application of the proceeds of said policy.

A true and correct copy of the General Assignment for Life Insurance is attached as Exhibit G.

14. Although the General Assignment for Life Insurance makes reference to policy number VAR267119 (the "Supplemental Life Policy"), Reliance Standard continues to investigate

whether supplemental life benefits are payable to any person(s) and reserves the right to amend this Interpleader Complaint.

15. On or about April 15, 2024, Defendant Christina Douglas submitted a claim for benefits, identifying herself as Decedent's "ex-spouse legally dependent on decedent." A true and correct copy of the Christina Douglas' claim statement is attached as Exhibit H.

16. The terms of Christine Douglas' divorce from Decedent are unknown to Reliance Standard.

## COUNT I

## INTERPLEADER ACTION PURSUANT TO F.R.C.P. 22

17. Reliance Standard incorporates the preceding paragraphs of this Interpleader Complaint as if the same were set forth herein at length.

18. Rule 22 of the Federal Rules of Civil Procedure permits an action for interpleader if the Plaintiff is exposed to double or multiple liability as a result of competing claims.

19. The claims of Victoria Williams Wooley and Brookside Funeral Home Crematorium & Memorial Gardens conflict with the claim asserted by Christine Douglas.

20. The conflicting claims have put Reliance Standard at risk of multiple liabilities.

21. Reliance Standard is unable to determine the proper beneficiary under the Basic Life Policy and is at risk of multiple liabilities due to the defendants' competing claims.

22. Reliance Standard is an innocent entity and has in no way colluded with any of the claimants.

23. Reliance Standard claims no interest in the benefits due, excepting only reasonable fees and costs requested below.

24. As a result of the continuing and conflicting claims, this Interpleader is necessary to ensure that the life insurance proceeds are paid to the proper person.

**WHEREFORE**, Reliance Standard Life Insurance Company respectfully requests that this Court enter an Order:

(a) directing Reliance Standard Life Insurance Company to deposit the life insurance proceeds due under the Basic Life Policy in the amount of Fifty-Five Thousand and 00/100 ($55,000.00) Dollars into the registry of this Court, until the issue of entitlement to the life insurance proceeds is adjudicated;

(b) discharging Reliance Standard Life Insurance Company from any and all liability related to the life insurance proceeds due under the Basic Life Policy, except to those persons to whom this Court shall adjudge entitled to the benefit;

(c) enjoining any parties, named or unnamed, from initiating any action against Reliance Standard Life Insurance Company regarding the life insurance proceeds due under the Basic Life Policy;

(d) awarding to Reliance Standard Life Insurance Company its reasonable fees and costs in connection with this action; and

(e) any other relief that this Court deems equitable and just.

Respectfully submitted, this the 29th day of October, 2024.

/s/ *William L. Waudby*
William L. Waudby (asb-7879-d67w)
WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER, LLP
1500 Urban Center Drive, Suite 450
Birmingham, AL 35242
Tel: 205-709-8990
Fax: 205-7098978
william.waudby@wilsonelser.com

*Attorney for Plaintiff,*
*Reliance Standard Life Insurance Company*